**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

PATRICK ALEXANDER,

                              Plaintiff,                  9:17-cv-00309 (BKS/CFH)

v.

STEVEN RACETTE, et al.,

                              Defendants.

**Appearances:**

*For Plaintiff*:
Leo Glickman
Stoll, Glickman & Bellina, LLP
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY 11217

*For Defendants*:
Barbara D. Underwood
Attorney General of the State of New York
Gregory J. Rodriguez
Assistant Attorney General, of Counsel
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Patrick Alexander brings this action under 42 U.S.C. § 1983, alleging that various New York State Department of Corrections and Community Supervision ("DOCCS") superintendents, supervisors, investigators, and correction officers violated his First, Eighth, and Fourteenth Amendment rights in the aftermath of David Sweat and Richard Matt's escape from Clinton Correction Facility ("Clinton") in June 2015. Following the Court's February 26, 2018

decision granting in part Defendants' motion to dismiss certain of his claims, (Dkt. No. 34), Plaintiff filed a Second Amended Complaint ("SAC"). (Dkt. No. 57). As relevant to the pending motion, the SAC alleges that: (i) First Deputy Superintendent Donald Quinn and Deputy Superintendent of Security Stephen Brown failed to intervene (Claim Seven) and/or supervise their subordinates (Claim Eight) to protect Plaintiff from the excessive force he suffered at Clinton in violation of the Eighth Amendment; and (ii) Superintendent Donald Uhler and Deputy Superintendent of Security Earl Bell acted under color of law and conspired to transfer Plaintiff to the Special Housing Unit ("SHU") at Upstate Correctional Facility ("Upstate") in violation of the Due Process Clause of the Fourteenth Amendment (Claim Five), where he was subjected to conditions of confinement "repugnant to the conscience of mankind" in violation of the Eighth Amendment (Claims Four and Eight). (Dkt. No. 57, ¶¶ 120, 136, 144, 149–50, 153–57).

Defendants now move under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's claims against Defendants Quinn, Brown, Uhler, and Bell. (Dkt. No. 64-1). Defendants also move to dismiss the Eighth Amendment conditions of confinement claim (Claim Four) and the Fourteenth Amendment Due Process claim regarding Plaintiff's transfer to Upstate (Claim Five). (*Id.*). Plaintiff opposes the motion. (Dkt. No. 68). For the reasons that follow, Defendants' motion is granted in part and denied in part.

## II. FACTS

The Court assumes familiarity with the factual background of this case recited in its February 26, 2018 decision. (*See* Dkt. No. 34, at 2–7). To the extent the SAC contains additional

relevant factual allegations, they are addressed along with the parties' legal arguments as discussed below.[1]

### III. STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL 4250513, at *2, 2017 U.S. Dist. LEXIS 155140, at *5 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Communs, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). When deciding a motion to dismiss, a court's review is ordinarily limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

### IV. DISCUSSION

Defendants move to dismiss the claims against Quinn, Brown, Uhler, and Bell on the grounds that Plaintiff has failed to establish their personal involvement in the Eighth and Fourteenth Amendment violations alleged. (Dkt. No. 64-1, at 6–12). Plaintiff responds that these

---

[1] The facts are taken from the complaint and its exhibits and assumed to be true for purposes of this motion. *See Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

Defendants must have known of, but were deliberately indifferent to, the constitutional violations alleged by virtue of their roles within the hierarchy at Clinton and Upstate; and, if not, they were grossly negligent in managing their subordinates. (Dkt. No. 68, at 2–6).

"A supervisor may not be held liable under section 1983 merely because his subordinate committed a constitutional tort." *Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002). "Rather, the 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016) (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)); *see also Warren v. Pataki*, 823 F.3d 125, 136 (2d Cir. 2016); *Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015). A plaintiff must therefore "allege a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). As the Second Circuit has explained, the personal involvement of supervisory personnel may be shown through evidence that they: (1) directly participated in the violation; (2) failed to remedy that violation after learning of it through a report or appeal; (3) created, or allowed to continue, a policy or custom under which the violation occurred; (4) had been grossly negligent in managing subordinates who caused the violation; or (5) exhibited deliberate indifference by failing to act on information indicating that an unconstitutional act was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

As Defendants note, (Dkt. No. 64-1, at 8), in *Ashcroft v. Iqbal*, the Supreme Court explained that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. 662, 676 (2009). The Second Circuit has not yet addressed the impact of *Iqbal* on the *Colon* standard. *See Raspardo v. Carlone*, 770 F.3d 97, 117 (2d Cir. 2014) (noting that the court need not decide "the

4

contours of the supervisory liability test" in *Colon* because the plaintiff failed to meet the standards in Colon); *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (noting that *Iqbal* may have "heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations" but not reaching the impact of *Iqbal* on *Colon* because the complaint "did not adequately plead the Warden's personal involvement even under *Colon*").

The Court, however, need not reach that issue here because, even under *Colon*, the SAC does not adequately plead the supervisory defendants' personal liability. *See Grullon*, 720 F.3d at 139.

### A. Eighth Amendment Claims Against Quinn and Brown

Defendants move to dismiss Plaintiff's Eighth Amendment claims against Quinn and Brown on the basis that "their names are not contained anywhere in the body" of the SAC, which refers only to "John Doe Clinton C.F. Supervisors" without alleging "the personal involvement of . . . Quinn or Brown in any alleged excessive force or improper conditions of confinement at Clinton C.F." (Dkt. No. 64-1, at 8). Plaintiff responds that, based on their titles as First Deputy Superintendent and Deputy Superintendent of Security at Clinton, Quinn and Brown must have known of the violations alleged and "it is at least gross negligence and likely deliberate indifference in failing to prevent the assaults." (Dkt. No. 68, at 2).

Plaintiff does not allege that Quinn or Brown were directly involved in the constitutional violations alleged to have taken place at Clinton; instead, their liability is premised on their supervisory role. Plaintiff alleges generally that "John Doe Supervisors of Clinton," "Supervisors of Clinton," "Superintendents of Clinton," or "Superintendent and Supervisor defendants" at Clinton knew that physical abuse and excessive force were endemic to Clinton, and knew of and ignored the danger to Plaintiff "through deliberate indifference with malicious intent or gross

5

negligence." (Dkt. No. 57, ¶¶ 135–141, 144–150). The SAC, however, contains no substantive allegations whatsoever regarding Quinn or Brown or their roles or responsibilities at Clinton, nor does it allege facts from which to infer their knowledge of, indifference to, or gross negligence in preventing their subordinates from causing the constitutional violations alleged. *See Styles v. Goord*, 431 F. App'x 31, 33 (2d Cir. 2011) (summary order) (affirming dismissal of claims against prison officials where plaintiff "did not allege, or submit any evidence demonstrating, any facts concerning [defendants'] particular conduct in supervising their subordinates").

"Conclusory statements and formulaic recitations of the *Colon* factors [that are] wholly unsupported by facts" are insufficient give rise to the inference that Quinn or Brown were personally involved in the constitutional violations alleged. *Eldridge v. Kenney*, No. 11-cv-6459, 2014 WL 2717982, at *3, 2014 U.S. Dist. LEXIS 84437, at *2–3 (W.D.N.Y. June 16, 2014). Accordingly, Plaintiff's claims against Defendants Quinn and Brown are dismissed.

### B. Eighth Amendment Claims Against Uhler and Bell

Plaintiff alleges that, because they were "each required by DOCCS Directive 4933 to conduct once per week visits to the SHU," (Dkt. No. 57, ¶ 121),[2] Uhler and Bell were personally involved in the constitutional violations alleged because they: either (i) knew of, but were deliberately indifferent to, the conditions giving rise to Plaintiff's Eighth Amendment conditions of confinement claim; or (ii) were grossly negligent by virtue of their failure to comply with the Directive, (*see* Dkt. No. 57, ¶¶ 120–22; Dkt. No. 68, at 3–5). Plaintiff further alleges that, as supervisors at Upstate, Uhler and Bell "were aware of the particular dangers faced by . . .

---

[2] Section II of DOCCS Directive 4933, of which the Court takes judicial notice, states that the "Superintendent and each member of the Executive Team shall visit the SHU at least once per week." N.Y. Dep't of Corr. & Cmty. Supervision, Directive 4933: Special Housing Units (Apr. 18, 2017), http://www.doccs.ny.gov/directives/4933.pdf; *see Jones v. Annucci*, No. 16-cv-3516, 2018 WL 910594, at *5 n.3, 2018 U.S. Dist. LEXIS 24359, at *17 n.3 (S.D.N.Y. Feb. 14, 2018) (taking judicial notice of a DOCCS directive).

6

inmates such as [P]laintiff," but "ignored the dangers and thereby tacitly facilitated and condoned the unconstitutional actions taken by their subordinates." (Dkt. No. 57, ¶ 149).

In the context of a conditions of confinement claim, the Second Circuit has "often equated gross negligence with recklessness," defining it "as the 'kind of conduct . . . where [the] defendant has reason to know of facts creating a high degree of risk of physical harm to another and deliberately acts or fails to act in conscious disregard or indifference to that risk." *Poe v. Leonard*, 282 F.3d 123, 140 n.14 (2d Cir. 2002) (alterations in original) (quoting *Bryant v. Maffucci*, 923 F.2d 979, 985 (2d Cir. 1991)). Deliberate indifference, on the other hand, "requires more than negligence, but less than conduct undertaken for the very purpose of causing harm." *Quick v. Graham*, No. 12-cv-1717, 2014 WL 4627108, at *6, 2014 U.S. Dist. LEXIS 126953, at *15 (N.D.N.Y. Aug. 5, 2014), *adopted by*, 2014 WL 4627108, 2014 U.S. Dist. LEXIS 127420 (N.D.N.Y. Sept. 11, 2014). "In order for a prison official to act with deliberate indifference, he must know of and disregard an excessive risk to an inmate's health or safety." *Belile v. Dominie*, No. 15-cv-423, 2016 WL 2977170, at *3, 2016 U.S. Dist. LEXIS 37105, at *6 (N.D.N.Y. Mar. 21, 2016), *adopted by*, 2016 WL 2992177, 2016 U.S. Dist. LEXIS 66495 (N.D.N.Y. May 20, 2016).

As an initial matter, "[f]ailure to follow a DOCCS[] Directive does not give rise to a § 1983 claim." *Burroughs v. Mitchell*, 325 F. Supp. 3d 249, 287 (N.D.N.Y. 2018). In any event, Plaintiff makes no such allegation, (Dkt. No. 68, at 4), only that, "given the extraordinary notoriety of the Clinton honor block inmates being held there," they "knew or clearly should have known that their health or safety could be compromised." (Dkt. No. 57, ¶¶ 84–85, 119–23). This, however, is insufficient to plausibly indicate that either Uhler or Bell knew or had reason to know that any of their subordinates might pose a risk to Plaintiff's health or safety, even

7

assuming the "notoriety" of Plaintiff and others housed in the SHU at Upstate. And, if Uhler and Bell did visit the SHU, Plaintiff gives no indication whether or how they knew or had reason to know of the conditions that risked physical harm to Plaintiff.[3]

In sum, Plaintiff has failed to plausibly allege that either Uhler or Bell were deliberately indifferent or grossly negligent so as to be personally involved in creating the conditions giving rise to Plaintiff's Eighth Amendment claim. Accordingly, his Eighth Amendment claims against Uhler and Bell must be dismissed.[4]

### C. Fourteenth Amendment Claims Against Uhler and Bell

Plaintiff also alleges that "Defendant[] John Doe Upstate C.F. Official in charge of SHU"[5] acted under color of law and conspired to violate his Fourteenth Amendment right to due process of law when he, "without offering any hearing or resort to legal processes . . . caused [P]laintiff to be confined to the SHU" at Upstate. (Dkt. No. 57, ¶ 125). Plaintiff, however, does not allege facts plausibly showing that Uhler or Bell had any involvement in or knowledge of the process that resulted in Plaintiff's transfer to the Upstate SHU or that they otherwise contributed

---

[3] As explained in the Court's February 26, 2018 decision, (Dkt. No. 34, at 12 n.6), Plaintiff's conclusory allegation that he "submitted numerous grievances and sent letters," (Dkt. No. 57, ¶ 150), to supervisors at Upstate is, without more, insufficient to establish Uhler or Bell's personal involvement in the Eighth Amendment violations alleged. *See Gonzales v. Wright*, No. 06-cv-1424, 2010 WL 681323, at *10, 2010 U.S. Dist. LEXIS 15953, at *28 (N.D.N.Y. Feb. 23, 2010); *Petty v. Goord*, No. 00-cv-803, 2002 WL 31458240, at *8, 2002 U.S. Dist. LEXIS 21197, at *26 (S.D.N.Y. Oct. 31, 2002); *cf. Grullon v. City of New Haven*, 720 F.3d at 140–41.

[4] Defendants argue that, even if Uhler and Bell were "personally involved" in the violations alleged, the factual allegations in the SAC do not establish that the conditions of confinement at the Upstate SHU violated his Eighth Amendment right against cruel and unusual punishment. (Dkt. No. 64-1, at 11). Because the Court has determined that Plaintiff failed to plead either Uhler and Bell's personal involvement with regard to those allegations, the Court need not reach the substance of Plaintiff's Eighth Amendment conditions of confinement claim.

[5] The Court notes that the SAC includes "John Doe supervisor in charge of the Segregated Housing Unit at Upstate Correctional Facility" as a captioned Defendant, apart from Uhler and Bell. (Dkt. No. 57, at 1). Plaintiff's procedural due process claim (Claim Five), however, does not mention either Uhler or Bell. (*See id.* ¶¶ 124–127). The SAC does not otherwise contain factual allegations from which to infer that either Uhler or Bell are the "Upstate C.F. Official in charge of SHU" who allegedly violated Plaintiff's due process rights. Nevertheless, because Defendants interpret Plaintiff's procedural due process claim as one asserted against Uhler and Bell, (Dkt. No. 64-1, at 11–17), the Court briefly addresses the issue here.

in any way to the decision to do so. Their mere presence at Upstate does not connect them to the decision to transfer Plaintiff to the Upstate SHU or any accompanying procedural failures that may have occurred. Nor does the SAC contain any facts plausibly indicating that Uhler or Bell conspired with each other or any other individual to transfer Plaintiff to the Upstate SHU.[6] Accordingly, Plaintiff's due process claims against Defendants Uhler and Bell are dismissed.

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 64) is **GRANTED** as to Defendants Quinn, Brown, Uhler, and Bell; and it is further

**ORDERED** that Plaintiff's claims against Defendants Quinn, Brown, Uhler, and Bell are **DISMISSED**; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 64) is otherwise **DENIED**.

**IT IS SO ORDERED.**

Dated: January 7, 2019
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

[6] "To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir.1999). The factual allegations in the SAC do not plausibly indicate the requisite elements of a conspiracy.

9